**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Roy A. Woodward</u>

    v.                                    Civil No. 05-cv-423-PB

<u>United States of America</u>

## O R D E R

Roy Woodward has filed a complaint against the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 <u>et</u> <u>seq.</u> ("FTCA") (document no. 1).  As Woodward is proceeding *pro se* and has paid his filing fee, the complaint is before me for preliminary review to determine whether Woodward has properly invoked the subject matter jurisdiction of this Court.  <u>See</u> United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(A).[1]

---

[1]LR 4.3(d)(1)(A) states:

> The clerk's office shall forward initial filings to the magistrate judge for preliminary review to determine whether the court has subject matter jurisdiction.  If the magistrate judge determines that the court lacks subject matter jurisdiction, the magistrate judge shall either recommend that the filings be dismissed or grant the party leave to file amended filings in accordance with the magistrate judge's directives.

<u>Standard of Review</u>

In conducting the preliminary review authorized by LR
4.3(d)(1)(A), the Court construes *pro se* pleadings liberally.
<u>See</u> <u>Ayala Serrano v. Lebron Gonzalez</u>, 909 F.2d 8, 15 (1st Cir.
1990) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) to
construe *pro se* pleadings liberally in favor of the *pro se*
party).  "The policy behind affording *pro se* plaintiffs liberal
interpretation is that if they present sufficient facts, the
court may intuit the correct cause of action, even if it was
imperfectly pled."  <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st
Cir. 1997), <u>cert. denied</u>, <u>Ahmed v. Greenwood</u>, 522 U.S. 1148
(1998).

At this preliminary stage of review, all factual assertions
made by the plaintiff and inferences reasonably drawn therefrom
must be accepted as true.  <u>See</u> <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3
(1st Cir. 1996) (stating the "failure to state a claim" standard
of review and explaining that all "well-pleaded factual
averments," not bald assertions, must be accepted as true).
Application of this standard ensures that *pro se* pleadings are
given fair and meaningful consideration.  <u>See</u> <u>Eveland v. Dir. of</u>
<u>C.I.A.</u>, 843 F.2d 46, 49 (1st Cir. 1988).

2

<u>Background</u>

On March 17, 1999, Roy Woodward had surgery to remove his prostate gland at a Veterans' Administration Hospital.  Woodward alleges that as a condition of his informed consent to undergo surgery, he requested a consult with a neurosurgeon which was not provided to him.  Instead, Woodward alleges he was made to undergo the surgery under duress.

Woodward had requested the neurosurgery consult to discuss nerve-sparing surgery, in order to protect his post-surgery erectile function.  Woodward understood that nerve-sparing surgery would allow him to maintain erectile function, which he let the doctor know was important to him.  Woodward believes that he would have been a good candidate for nerve-sparing surgery. Woodward claims that due to the inexperience of his surgeons with the surgery and their failure to stay up-to-date with advances in urological surgery, his entire prostate was removed.  As a result, Woodward was rendered totally incontinent and impotent.

Woodward filed a claim with the Department of Veterans' Affairs on April 24, 2001.  The claim was finally denied in May of 2005 and Woodward was notified of the decision by mail on June 1, 2005.  This action was filed on December 1, 2005.

Discussion

1.   Federal Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The presumption is that a federal court lacks jurisdiction.  Id. Consequently, the burden is on the plaintiff who claims jurisdiction to affirmatively allege jurisdiction and prove it. Id.; see also Bender v. Williamsport Sch. Dist., 475 U.S. 534, 541 (1986).  To bring a civil action within the court's subject matter jurisdiction, a plaintiff must allege that his action involves either a federal question or diversity jurisdiction. See 28 U.S.C. §§ 1331 & 1332.  Since Woodward has alleged that his action arises under the FTCA, a federal statute, he has alleged a claim that invokes federal question jurisdiction.

2.   FTCA Claims

To bring a tort claim against the United States under the FTCA, a plaintiff must first file an administrative claim with the appropriate agency within two years of the accrual of the claim and then file a tort claim against the United States within six months after the denial of, or failure to act upon, that claim by the administrative agency.  See 28 U.S.C. § 2401(b);

4

Roman v. Townsend, 224 F.3d 24 26 (1st Cir. 2000).  The
requirement that a plaintiff sue the United States within the
statutory limitations period is jurisdictional in nature and
cannot be waived.  Id. at 28.  Woodward filed a timely
administrative claim with the Department of Veterans' Affairs.[2]
Woodward's complaint was filed here within six months of
Woodward's receipt of the final denial of his administrative
claim.  Accordingly, I find that Woodward has met the
jurisdictional requirements for filing suit under the FTCA and
properly invoked the subject matter jurisdiction of this Court.[3]

_____

[2]Woodward filed his claim two years, one month and one week
after his surgery.  Ordinarily, a FTCA claim must be filed within
two years of the date of injury, but medical malpractice claims
under the FTCA are subject to a "discovery rule" exception, which
states that the two year limitations period starts to accrue when
the plaintiff has factual knowledge of both the existence and the
cause of his injury.  Cascone v. United States, 370 F.3d 95, 104
(1st Cir. 2004) (citing United States v. Kubrick, 444 U.S. 111,
119-20 (1979)).  Here, Woodward claims he was unable to know the
extent of his injury for a period of at least six months after
his surgery.

[3]I note that Woodward was issued a summons by mail on
December 2, 2005.  Federal Rule of Civil Procedure 4(m) requires
that service be made within 120 days or the action may be
dismissed without prejudice.  Plaintiff has, to date, filed no
return of service.  Plaintiff should be mindful that his 120-day
service period will expire on April 3, 2006.

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date:      March 8, 2006

cc:        Roy A. Woodward, *pro se*

6